# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER SCOTT REEDER,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>TIMMOTHY GARRETT, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:23-cv-00290-RCJ-CDS<br><br>**ORDER** |

Petitioner Christopher Scott Reeder filed a *pro se* 28 U.S.C. § 2254 habeas petition, motion for counsel, and motion for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1, 1-2.) The Court finds good cause to grant the motion to proceed IFP. This matter now comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Reeder's motion for appointment of counsel. For the reasons discussed below, this Court directs service of the petition and grants Reeder's motion.

**I.　　BACKGROUND**[1]

Reeder challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Christopher Reeder*, Case No. C-18-329277-1. On May 1, 2020, the state court entered a judgment of conviction, pursuant to a jury trial, for two counts of sexual assault with a minor under fourteen years of age and two counts of lewdness with a child under fourteen years of age. Reeder was sentenced to an aggregate term of life in

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

prison with parole eligibility after 70 years. Reeder appealed, and the Nevada Court of Appeals affirmed on May 25, 2021. Remittitur issued on June 21, 2021.

On May 26, 2022, Reeder filed a state petition for writ of habeas corpus. *Christopher Reeder v. State of Nevada*, Case No. A-22-853209-W. The state court denied the petition on November 16, 2022. On June 13, 2023, the Nevada Court of Appeals affirmed the denial. Reeder, with the help of a fellow inmate, transmitted his federal habeas petition on or about June 20, 2023.[2] (ECF No. 1-1 at 3.)

**II.   DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

This Court now turns to Reeder's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are

---

[2] Reeder filed a federal habeas petition in case number 3:23-cv-00157-ART-CLB, but it was dismissed without prejudice on May 24, 2023.

such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Reeder. The Court finds that appointment of counsel is in the interests of justice given, among other things, his life sentence and the complexities of his case.

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that the motion for leave to proceed IFP (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that the clerk (1) file the 28 U.S.C. § 2254 habeas petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically serve Respondents' counsel a copy of the petition (ECF No. 1-1), (4) electronically provide Respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, and (5) electronically serve the Federal Public Defender a copy of this order and the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Respondents' counsel enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Reeder by filing a notice of appearance or (2) indicate the office's inability to represent Reeder in these proceedings. If the Federal Public Defender is unable to represent Reeder, the Court will appoint alternate counsel. Appointed counsel will

represent Reeder in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

**IT IS FURTHER ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Reeder remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that the clerk is directed to send a copy of this order to Reeder and the CJA Coordinator for this division.

Dated: August 10, 2023

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE