# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER SCOTT REEDER, | Case No. 3:23-cv-00290-RCJ-CSD |
| Petitioner, | **ORDER** |
| v. | |
| TIMOTHY GARRETT, et al., | |
| Respondents. | |

This Court previously appointed counsel for Petitioner Christopher Scott Reeder in this habeas corpus action. (ECF No. 3.) On December 1, 2023, counsel filed a first-amended petition on Reeder's behalf and moved for leave to file a second-amended petition. (ECF No. 8, 10.) Respondents opposed the motion, and Reeder replied. (ECF Nos. 11, 12.)

In his motion, Reeder states that he filed his first-amended petition as a protective petition to ensure that all the claims would be preserved as timely filed. (ECF No. 10 at 2.) Reeder requests leave to file a second-amended petition so that he can continue investigating the case, including locating and interviewing witnesses. (*Id.* at 3.) Reeder requests that the Court waive the requirement of LR 15-1(a), explaining that the rule is ill-suited for this situation. (*Id.* at 4.)

Local Rule 15-1(a) states that a proposed amended pleading must be submitted with the motion for leave to amend unless otherwise permitted by the Court. When the Court appoints counsel to represent habeas corpus petitioners, as a matter of course, it gives counsel leave to file an amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The Court sees no reason to depart from its usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Moreover, under Federal Rule of Civil

Procedure 15(a)(2), a party may amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires." Accordingly, the Court finds that there is good cause for Reeder to file a second-amended habeas petition, so the Court grants the motion and waives the requirement of LR 15-1(a). This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not mean in this order to convey any opinion whatsoever about when the limitations period expires or expired.

**IT IS THEREFORE ORDERED** that the motion (ECF No. 10) is granted. Reeder has up to and including 60 days from the entry of this order to file a second-amended petition. In all other respects, the scheduling order entered September 6, 2023 (ECF No. 7) remains in effect.

Dated: January 11, 2024

ROBERT C. JONES
UNITED STATES DISTRICT COURT