UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER SCOTT REEDER,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>TIMMOTHY GARRETT, et al.,<br>　　　　　　　　　　Respondents. | Case No. 3:23-cv-00290-ART-CSD<br><br>ORDER DIRECTING<br>SURREPLY TO BE FILED |

Petitioner Christopher Scott Reeder, a Nevada prisoner, has filed a counseled Second-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 16 ("Second-Amended Petition").) Currently before the Court is Respondents' motion to dismiss the Second-Amended Petition. (ECF No. 19 ("Motion").) Reeder opposed the Motion, and Respondents replied. (ECF Nos. 28, 31.) For the reasons discussed below, the Court directs Reeder to file a surreply.

In their Motion, Respondents argue, in part, that Reeder's First-Amended Petition and Second-Amended Petition are untimely and all the claims that do not relate back to his original petition must be dismissed. (ECF No. 19 at 6.) Respondents and Reeder agree that (1) Reeder's conviction became final on August 23, 2021, (2) Reeder's AEDPA statute of limitations began to run on August 24, 2021, and (3) Reeder filed his state habeas petition on May 26, 2022. However, Respondents and Reeder disagree about how many days elapsed between August 24, 2021, and May 26, 2022. Respondents argue that 275 days elapsed, and Reeder argues that 215 days elapsed. Based on this Court's calculations, 275 days elapsed. The remaining 90 days of Reeder's AEDPA limitations period was statutorily tolled during the pendency of all proceedings related to his state habeas petition. Tolling ended on July 10, 2023, when the remittitur issued for the Order of Affirmance by the Nevada Court of Appeals. Reeder's AEDPA clock restarted the following day, July 11, 2023, and expired 90

days later on October 9, 2023, making (1) Reeder's original petition, filed on June 20, 2023, *timely* and (2) his First-Amended Petition, filed on December 1, 2023, and Second-Amended Petition, filed on March 22, 2024, *untimely*.

Because Reeder appears to have mistakenly calculated the number of days that elapsed between August 24, 2021, and May 26, 2022, Reeder incorrectly contends that his Second-Amended Petition is timely because it relates back to his First-Amended Petition. (ECF No. 28 at 5.) However, because Reeder's First-Amended Petition is also untimely, Reeder's argument is irrelevant. Rather, Reeder must explain how, if at all, his untimely Second-Amended Petition relates back to his original petition.

It is therefore ordered that Reeder file a surreply to the motion to dismiss within 30 days of the date of this Order.

Dated this 9th day of August 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE