UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER SCOTT REEDER,<br><br>                          Petitioner,<br>v.<br>TIMMOTHY GARRETT, et al.,<br><br>                          Respondents. | Case No. 3:23-cv-00290-ART-CSD<br><br>**ORDER DENYING<br>MOTION TO DISMISS**<br><br>**[ECF No. 19]** |

Petitioner Christopher Scott Reeder, a Nevada prisoner, has filed a counseled Second-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 16 ("Second-Amended Petition").) Currently before the Court is Respondents' motion to dismiss the Second-Amended Petition. (ECF No. 19 ("Motion").) Reeder opposed the Motion, and Respondents replied. (ECF Nos. 28, 31.) This Court ordered Reeder to file a surreply, and he timely complied. (ECF Nos. 32, 33.) For the reasons discussed below, the Court denies the Motion.

**I.    BACKGROUND**

In its order affirming Reeder's conviction, the Nevada Court of Appeals described the crime, as revealed by the evidence at Reeder's trial, as follows:

> The victims in this case, C.L. and A.R., became friends when they were six or seven years old. A.R. and C.L. often slept over at each other's houses. A.R.'s relative, Reeder, was often present in A.R.'s home. When C.L. was between six and eight years old, she and her family went to A.R.'s home. Reeder was present. That night, while A.R.'s and C.L.'s parents were gone, Reeder asked A.R. and C.L. to watch a movie with him in A.R.'s parents' room. A.R. and C.L. agreed. The three of them laid in A.R.'s parents' bed under the covers to watch the movie with Reeder in the middle. At some point, Reeder reached his hand under the covers and rubbed C.L.'s genitals over her clothes. He then put his hand under her clothes, continued to rub her genitals, and digitally penetrated her genitals. Reeder stopped when C.L. rolled over to her side. Reeder told C.L., "[i]f you don't enjoy it, we can stop." Later, C.L. turned back over because she was uncomfortable. C.L. was still awake, and Reeder again reached his hand under C.L.'s clothes and digitally penetrated her genitals.
> When A.R. was six or seven years old, Reeder entered her

> bedroom while she was alone and closed the door behind him. Reeder sat down next to A.R. on her bed and proceeded to rub her genitals over her clothing for two to four minutes. Neither A.R. nor Reeder spoke while Reeder was in her room.
> Neither C.L. nor A.R. told anyone about Reeder's sexual abuse until 2017, when C.L. revealed it to her mother. C.L.'s mother contacted police, who launched an investigation. As part of the investigation, C.L. met with Elizabeth Espinoza, a forensic interview specialist with the Department of Family Services, for an interview. C.L. told Espinoza that Reeder touched and penetrated her vagina twice when she was six or seven years old.
> The police contacted A.R. and her parents and Espinoza interviewed A.R., but did not inform her of C.L.'s allegations. Espinoza asked A.R. whether she had ever been abused; A.R. stated that she had not. Following the interview, however, A.R.'s mother informed A.R. of C.L.'s allegations of sexual touching by Reeder. Espinoza interviewed A.R. a second time and this time, A.R. told Espinoza that Reeder rubbed her genitals over her clothing on two occasions.

(ECF No. 21-24 at 2–4 (internal footnote omitted).)

A jury found Reeder guilty of two counts of sexual assault with a minor under the age of 14 and two counts of lewdness with a minor under the age of 14. (ECF No. 20-50.) Reeder was sentenced to 70 years to life in prison. (*Id.*) Reeder appealed, and the Nevada Court of Appeals affirmed on May 25, 2021. (ECF No. 21-24.)

On May 26, 2022, Reeder petitioned the state court for post-conviction relief. (ECF No. 21-29.) The state court denied Reeder's petition. (ECF No. 21-49.) Reeder appealed, and the Nevada Court of Appeals affirmed on June 13, 2023. (ECF No. 22-30.) Remittitur issued on July 10, 2023. (ECF No. 22-33.)

On March 22, 2023, Reeder filed a motion to correct an illegal sentence. (ECF No. 22-52.) The state court denied the motion, Reeder appealed, and the Nevada Court of Appeals affirmed on May 1, 2024. (*Id.*)

Reeder commenced this federal habeas action on or about June 20, 2023. (ECF No. 1.) This Court granted Reeder's motion for the appointment of counsel and appointed the Federal Public Defender to represent Reeder. (ECF Nos. 3, 7.) Reeder filed his counseled First-Amended Petition on December 1, 2023, and then, following approval from this Court, filed his counseled Second-Amended

Petition on March 22, 2024. (ECF Nos. 8, 13, 16.)

## II.  Legal Standards & Analysis

Respondents argue that (1) grounds 1, 2, 3, and 4 are untimely, (2) grounds 2, 3, and 4 are unexhausted, and (3) Reeder failed to develop the factual basis for grounds 2, 3, and 4. (ECF No. 19.) The Court will address each argument in turn.

### A.  Timeliness and Relation Back

Respondents argue that Reeder's First-Amended Petition and Second-Amended Petition are untimely and all the claims that do not relate back to his original petition must be dismissed. (ECF No. 19 at 6.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Nno statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Reeder's direct appellate review concluded on May 25, 2021, with the Nevada Court of Appeals order of affirmation. As such, Reeder's conviction became final when the time expired for filing a petition for writ of certiorari with

the United States Supreme Court 150[1] days later on October 22, 2021. The federal statute of limitations thus began to run the following day: October 23, 2021. Reeder timely filed his state habeas petition on May 26, 2022, tolling the AEDPA clock. As a result, 216 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 149 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Reeder's state petition. Tolling ended on July 10, 2023, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day, July 11, 2023, and expired 149 days later on December 7, 2023. Reeder's First-Amended Petition was filed on December 1, 2023, so it was timely filed.

Although Reeder's Second-Amended Petition was filed after his AEDPA deadline expired, Reeder argues that his Second-Amended Petition is timely because it relates back to his First-Amended Petition. (ECF No. 28 at 5.) A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims

---

[1] The United States Supreme Court issued an Order on March 19, 2020, extending the deadline to file petitions for writs of certiorari in all cases to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. This 150-deadline was later rescinded for all cases where the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued on or after July 19, 2021, which does not apply here.

4

added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

In his First-Amended Petition, Reeder alleged the following grounds:

1. There was insufficient evidence presented at trial to sustain the convictions against him for the crimes of sexual assault against a minor or lewdness with a child.
2. His right to the effective assistance of counsel and due process were violated when his trial counsel failed to present exculpatory evidence.
3. His right to the effective assistance of counsel was violated when his trial counsel waived his preliminary hearing.
4. His right to the effective assistance of counsel was violated when his trial counsel failed to object to the nebulous dates alleged in the indictment.
5. His right to the effective assistance of counsel was violated when trial counsel did not adequately consult with Reeder.
6. His right to the effective assistance of counsel was violated when his trial counsel failed to call defense witnesses at sentencing and failed to explain there was insufficient evidence presented at trial.
7. His right to the effective assistance of counsel was violated when his trial counsel failed to call defense witnesses at trial.

(ECF No. 8.)

And in his Second-Amended Petition, Reeder alleges the following grounds:

1. There was insufficient evidence presented at trial to sustain the convictions against him for the crimes of sexual assault against a minor or lewdness with a child.
2. His right to the effective assistance of counsel was violated when his trial counsel failed to call defense witnesses at sentencing and failed to explain there was insufficient evidence presented at trial.
3. His right to the effective assistance of counsel was violated when his trial counsel failed to call defense witnesses at trial.
4. His right to the effective assistance of counsel was violated when his trial counsel failed to object to the nebulous dates alleged in the indictment, and failed to explain that the State did not have to prove the offenses happened on a specific date.

(ECF No. 16.)

The description of ground 1 of the Second-Amended Petition is identical to ground 1 of the First-Amended Petition, the description of ground 2 of the Second-Amended Petition is identical to ground 6 of the First-Amended Petition, the description of ground 3 of the Second-Amended Petition is identical to ground 7 of the First-Amended Petition, and the description of ground 4 of the Second-Amended Petition is identical, in part, to ground 4 of the First-Amended Petition. (*See* ECF Nos. 8, 16.) This Court finds that the addition of any facts or legal arguments in the grounds within the Second-Amended Petition do not alter the operative facts of those grounds as presented in the First-Amended Petition. Accordingly, because (1) the First-Amended Petition was timely filed and (2) the grounds in the Second-Amended Petition all relate back to the First-Amended Petition, Reeder's Second-Amended Petition is timely.

**B.     Exhaustion**

Respondents argue that grounds 2, 3, and 4 are unexhausted. (ECF No. 19 at 10.) Reeder acknowledges that grounds 2, 3, and 4 are unexhausted. (*See* ECF No. 28 at 11.) However, Reeder asserts that grounds 2, 3, and 4 are technically exhausted and procedurally defaulted and that he can overcome the procedural default under *Martinez v. Ryan*. (*Id.* at 11–12.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Reeder would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the

claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Reeder advances only *Martinez* as a basis for excusing the anticipatory default of grounds 2, 3, and 4. Accordingly, the Court considers grounds 2, 3, and 4 to be technically exhausted and procedurally defaulted. Because the analysis of prejudice[2] to overcome the procedural default

---

[2] Because Reeder was not represented by counsel during his initial state post-conviction proceedings, he has established cause.

7

of grounds 2, 3, and 4 is necessarily intertwined with the merits of grounds 2, 3, and 4, the Court defers a determination of whether Reeder can overcome the procedural default of grounds 2, 3, and 4 until the time of merits determination.

### C. Factual basis for claims in grounds 2, 3, and 4

Respondents argue that Reeder failed to develop the factual basis for grounds 2, 3, and 4, so this Court should dismiss those grounds or strike the new evidence. (ECF No. 19 at 15.) This Court will not dismiss the entirety of these grounds, and this Court defers ruling on the request to strike this new evidence until the time of merits review.

## III. Conclusion

It is therefore ordered that Respondents' Motion [ECF No. 19] is denied.

It is further ordered that grounds 2, 3, and 4 are technically exhausted, but procedurally defaulted. The Court defers consideration of whether Reeder can demonstrate cause and prejudice under *Martinez v. Ryan* to overcome the procedural default of grounds 2, 3, and 4 until after the filing of an answer and reply in this action.

It is further ordered that Respondents file their answer within 60 days of the date of this Order. Reeder may then file a reply within 30 days of service of the answer.

DATED THIS 4th day of September 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE